IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JERRY W. MULLINS, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX 16-1113 |
| SUBURBAN HOSPITAL HEALTHCARE SYSTEMS, INC. et al., | * |
| Defendants. | * |

******

## MEMORANDUM OPINION

Pending is a motion to stay proceedings filed by Plaintiff Jerry W. Mullins. ECF No. 60. The issues have been fully briefed and a telephonic hearing was held on Monday, July 10, 2017. For the reasons stated below, the motion is denied.

**I.   BACKGROUND**[1]

On April 14, 2016, Plaintiff Jerry Mullins ("Plaintiff") filed two Complaints against a cast of defendants which included doctors, medical practices, health care systems, and hospitals. *See* ECF No. 5. He alleged that the defendants committed medical malpractice by failing to properly treat injuries that Plaintiff sustained to his hand on April 15, 2014. He also alleged that the defendants violated the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd *et seq.* ("EMTALA"), when they refused to transfer him from Suburban Hospital in Bethesda to the Curtis National Hand Center at MedStar Union Memorial Hospital in Baltimore for specialized treatment.

The Complaints were consolidated, and defendants then filed six separate motions to dismiss. The Court granted the motions with respect to Plaintiff's medical malpractice claims

---

[1] The facts of this case are provided in *Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. PX 16-1113, 2017 WL 480755 (D. Md. Feb. 6, 2017) and will not be repeated here.

1

because he failed to first file them in Health Claims court pursuant to Maryland's Health Care Malpractice Claims Act ("HCMCA") requirements. *See Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. PX 16-1113, 2017 WL 480755 (D. Md. Feb. 6, 2017). The only claim that survived dismissal was Plaintiff's EMTALA claim against Defendant MedStar Union Memorial Hospital ("Union Memorial Hospital). *See id.* at *5. On June 23, 2017, Plaintiff filed a motion to stay proceedings as to this remaining claim. *See* ECF No. 60.

## II.     STANDARD OF REVIEW

The Court has inherent, discretionary power to stay a case in order to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Whether a stay should be ordered requires consideration of the economy of time and effort for the Court, counsel, and litigants, and the competing interests must be weighed and kept in proper balance. *Id.* at 254–55. A party seeking a stay must demonstrate a pressing need for one, *id.* at 255, and that the need for a stay outweighs any possible harm to the nonmovant. *Mike's Train House v. Broadway Ltd.*, Civ. JKB–09–2657, 2011 WL 836673, at *1 (D. Md. Mar. 3, 2011). *See also In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687–88 (Fed. Cir. 2010) (unpublished). Three factors should be considered in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, No. JKB–12–3738, 2013 WL 682906 (D. Md. Feb. 22, 2013) (citations and internal quotation marks omitted).

## III.    ANALYSIS

The Court dismissed Plaintiff's medical malpractice claims because he failed to first file his complaint with the Director of the Maryland Health Care Alternative Dispute Resolution Office as the HCMCA requires. The surviving EMTALA claim against Union Memorial

Hospital proceeded to discovery. In the meantime, Plaintiff has filed his medical malpractice claims in Health Claims court, and requests a stay in this case so that he may eventually rejoin his medical malpractice claims with his EMTALA claim to avoid duplicative discovery.

Plaintiff's proposal is unworkable. His medical malpractice claims are currently being evaluated by Maryland's Health Care Alternative Dispute Resolution Office and so have not yet reached this Court. If they do, the defendants in that case may file dispositive motions which will have to be decided before discovery is allowed to proceed. Thus, it may take several months for Plaintiff's medical malpractice case reaches the discovery phase, if ever. By contrast, the case currently before this Court has been pending for over a year, pre-answer motions to dismiss were filed and decided, and the parties are currently in the thick of discovery. Accordingly, a stay would not advance the Court's interest in judicial economy.

Staying this case will also prejudice Union Memorial Hospital. Plaintiff's lawsuit against Union Memorial Hospital stems only from the Hospital's refusal to accept Suburban Hospital's transfer request, a decision which may violate EMTALA's "reverse-dumping" provision but may not support a separate claim for medical malpractice. *See Mullins*, 2017 WL 480755, at *5 (explaining the distinction between an EMTALA claim and a medical malpractice claim). Thus, if Plaintiff's EMTALA claim is resolved in Union Memorial Hospital's favor, the Hospital may be completely dismissed from the case. It would be unfair for the Court to force Union Memorial Hospital to remain in this case as a defendant while Plaintiff litigates his medical malpractice claims against Suburban Hospital and the doctors who treated him.

The Court is mindful that duplicative discovery arising from the denial of a stay could prejudice Plaintiff who is *pro se*. Both parties recognized as much at the July 10th telephonic hearing and proposed to extend current discovery deadlines to accommodate fact witness

depositions common to both claims. The Court agrees that this course fairly balances the parties' concerns and will entertain such a motion.

      Accordingly, Plaintiff's motion is denied. A separate Order will follow.

7/17/2017                                                              /S/
Date                                                          Paula Xinis
                                                             United States District Judge